IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HALLWOOD PLAZA, INC. | ) | |
| | ) | No. 06-589 |
| Plaintiff, | ) | (Judge Christine O.C. Miller) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Defendant, the United States, denies allegations contained in paragraph 1 for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

2. The allegation contained in paragraph 2 is plaintiff's characterization of its case to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

3. The allegation contained in paragraph 3 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

4. The allegations contained in paragraph 4 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Defendant re-alleges and incorporates herein by reference its responses to Paragraphs 1-4.

BREACH OF CONTRACT

6. Defendant admits the allegations contained in paragraph 6 of the complaint to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7 of the complaint to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Defendant admits the allegations contained in paragraph 8 of the complaint to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Defendant admits the allegations contained in paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Defendant admits the allegations contained in paragraph 10 of the complaint to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Defendant admits the allegations contained in paragraph 11 of the complaint to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

12. Defendant admits that during the course of the improvements that changes were made. The remaining allegation contained in paragraph 12 of the complaint constitutes plaintiff's characterization of its complaint to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

13. Defendant admits that plaintiff made the changes requested by the GSA. Defendant lacks information sufficient to form a belief as to the specific cost to plaintiff.

14. Defendant admits that it paid plaintiffs the sum of $22,212.00. The remainder of the allegations contained in paragraph 14 constitute plaintiff's

characterization of its complaint to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

15. Defendant admits the allegations contained in paragraph 15 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Defendant admits the allegations contained in paragraph 16 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. The allegations contained in paragraph 17 constitute plaintiff's legal conclusions and characterization of its complaint to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in the first sentence of paragraph 18 of the complaint are conclusions of law and plaintiff's characterization of its complaint to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 18 to the extent supported by the document cited which is the best evidence of its contents; otherwise denies the allegation contained in the second sentence of paragraph 18.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624

November 2, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this _2nd_ day of November, 2006, the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

__/s/ Joan M. Stentiford___
JOAN M. STENTIFORD