IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HALLWOOD PLAZA, INC. , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-589C |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, the parties, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

**a. Does the Court have jurisdiction over the action?**

The Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. 1491(a)(1). At this time, the United States is not aware of any reason why the Court would not possess jurisdiction.

**b. Should the case be consolidated with any other case?**

The Parties agree that this case should not be consolidated with any other case.

**c. Should the trial of liability and damages be bifurcated?**

The Parties believe that the trial should not be bifurcated into liability and damages.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The Parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. Will a remand or suspension be sought?**

The Parties do not believe that remand or suspension will be sought.

**f. Will additional Parties be joined?**

The parties do not anticipate that additional parties will be joined.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?**

After the completion of discovery, Plaintiff anticipates filing a dispositive motion. Defendant also anticipates filing a dispositive motion.

**h. What are the relevant issues?**

This case involves a lease and a contract for improvements between the United States and Hallwood Plaza. Plaintiff, Hallwood Plaza, asserts that the following are relevant issues: The United States contracted with Plaintiff to lease space from it for an office to be used by the Social Security Administration. The United States provided plans to Plaintiff that Plaintiff used in preparing its bid. Unfortunately, the plans provided by the United States were incomplete and as a result, further expenditures were required to be made by Plaintiff. Further, during the renovations, the United States requested additional improvements which were beyond the scope of the original request by the United States. Plaintiff abided by the requests of the Untied States and made the additional improvements to the leased space. The Government however has failed to reimburse Plaintiff the costs it incurred as a result of the United States providing it with incomplete plans and the changes requested by the Government during the renovations. The costs and improvements performed by Plaintiff clearly fall within the costs Plaintiff was informed were considered tenant improvements and therefore costs which would be borne by the United States.

The Untied States asserts that the following are relevant issues: Hallwood Plaza contracted to bring the leased premises up to the standards required by the Social

Security Administration in anticipation of leasing the premises to the Government. Hallwood Plaza underbid the contract because it did not to understand the nature of the improvements necessary to construct finished Government office space, rather than retail space. The additional construction costs were the result of the contractor's inexperience with the type of improvements called for under the contract. These types of costs are not recoverable under the Federal Acquisitions Regulations or the Contract Disputes Act, and therefore plaintiff is not entitled to any recovery from the Government.

**<u>Issues</u>:**

(1) Did the United States provide a sufficient description in the specifications and other lease documents for the tenant improvements it required to the leased premises?

(2) Is Hallwood Plaza entitled to reimbursement to compensate it for improvements specifically requested by the government after Plaintiff had submitted his bid?

(3) Was Hallwood entitled to equitable adjustment to compensate it for items it failed to include in its cost estimate because it did not fully understand the nature of the improvements required by the lease documents?

(4) Was there significant disparity between Hallwood's bid and the Government's Cost estimate such that the Government should have known that Hallwood had underbid the contract at the time the proposal was submitted by Hallwood and accepted by the Government?

**i. What is the likelihood of settlement?**

The Parties have not engaged in settlement discussions at this point, and cannot

comment on the likelihood of a settlement. Plaintiff believes that the use of Alternative Dispute Resolution would assist in resolving this matter and requests this matter be referred to either non-binding arbitration or mediation.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

If this case cannot be resolved through settlement or dispositive motions, the Parties anticipate that they will proceed to trial. Neither Party requests an expedited trial schedule. If a trial is required, the parties believe that it should be held at a location that is most convenient for the witnesses and the Court. The Parties will work together to make a proposal to the Court as to what that location should be.

**k. Are there special issues regarding case management needs?**

The Parties are currently unaware of any special issues regarding case management needs.

**l. Is there any other information of which the Court should be aware of at this time?**

The Parties are unaware of any other information of which the Court should be aware of at this time.

**m. Discovery plan**

(1) Discovery will be needed on the following subjects: allegations in the Complaint and defenses available to defendants.

(2) All discovery commenced in time to be completed by: July 15, 2007.

(3) Plaintiff requests a maximum of 50 interrogatories by each party to any other party. Defendant requests a maximum of 25 interrogatories by each party to any other party. The Parties agree that any responses will be due 30 days after service.

(4) Plaintiff requests a maximum of 50 requests for admission by each party to any other party. Defendant requests a maximum of 25 requests for admission by each party to any other party. The Parties agree that any responses will be due 30 days after service.

(5) Plaintiff requests a maximum of 10 depositions by each party. Defendant requests a maximum of 5 depositions by each party. The parties agree that each deposition is limited to maximum of 8 hours.

(6) Reports from retained experts under Rule 26(a)(2) due:
 i. from Plaintiff by April1, 2007
 ii. from defendant by May 15, 2007

(7) The parties are under a continuing obligation under Rule 26(e) to update all discovery responses timely and in good faith. Discovery requests shall be supplemented and fully amended no later than 30 days before the end of discovery.

n. **Other Items**

(1) The parties do not request a conference with the Court before entry of the scheduling order.

(2) The parties propose that all potentially dispositive motions should be filed on or before July 15, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

s/ Timothy W. Mizerowski
Timothy Mizerowski, Esq.
Mizerowski & Associates, P.C.
131 Ferland Street
Walled Lake, Michigan

Phone (248) 926-9205
Fax (248) 926-9210

Attorney for Plaintiff

s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624

Attorneys for Defendant